# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

NEW HAMPSHIRE INDONESIAN
COMMUNITY SUPPORT, et al.,

    *Plaintiffs*,

v.

DONALD J. TRUMP, President of the United
States, in his official capacity, et al.,

    *Defendants*.

Case No. 1:25-cv-38

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN RESPONSE TO COURT ORDER**

**INTRODUCTION**

The Court invited briefing regarding "the implications of" two opinions granting nationwide injunctions issued in parallel litigation "on the merits of plaintiffs' motion, including but not limited to the showing of irreparable harm required for issuance of a preliminary injunction." Order (Feb. 7, 2025) (citing *Washington v. Trump*, No. C25-0127-JCC, 2025 WL 415165, at *7 (W.D. Wash. Feb. 6, 2025) and *CASA, Inc. v. Trump*, No. CV DLB-25-201, 2025 WL 408636, at *17 (D. Md. Feb. 5, 2025)). Plaintiffs respectfully submit that those decisions strongly support Plaintiffs' entitlement to relief. And the existence of those injunctions does not undermine Plaintiffs' showing of irreparable injury because if the injunctions are stayed, modified, or overturned, Plaintiffs' members would immediately be deprived of the "precious right" of citizenship, *Schneiderman v. United States*, 320 U.S. 118, 122 (1943), and subjected to the full range of serious harms documented in Plaintiffs' motion, *see* Mem. in Supp. of Mot. for Prelim. Inj. 12-14, ECF No. 24-1 (Mot.). Indeed, the government has already appealed and *sought to stay* the injunction in the Washington case, contending that any injunction should be limited to the three individual plaintiffs in that case. And there are important differences between the claims and defenses in this case and those ones—including the particularly robust statutory briefing Plaintiffs have presented here.

As explained below, courts regularly issue overlapping injunctions even when nationwide injunctions have been issued in other cases. That is particularly appropriate in this case, where any amount of time unprotected by an injunction would be devastating for members. And even while those injunctions remain in place, the threat of being left without direct protection is profoundly unsettling and stress-inducing for families that are already navigating all the ordinary challenges of pregnancy and, soon, newborn care.

1

**ARGUMENT**

The *Washington* and *CASA* decisions support Plaintiffs' showing on all the preliminary injunction factors. Both courts endorsed the constitutional arguments Plaintiffs have offered here, rejecting each of Defendants' contentions. *CASA*, 2025 WL 408636, at *1 ("The Executive Order interprets the Citizenship Clause of the Fourteenth Amendment in a manner that the Supreme Court has resoundingly rejected and no court in the country has ever endorsed."); *id.* at *6-14.; *Washington*, 2025 WL 415165, at *3-5 (noting the government "rehashes losing arguments from over a century ago"); *see* Mot. 3-8; Reply in Supp. of Mot. for Prelim. Inj. 3-10, ECF No. 64 (Reply).[1] And each recognized the availability of a cause of action to challenge this illegal Executive Order. *CASA*, 2025 WL 408636, at *4-5; *Washington*, 2025 WL 415165, at *2; *see* Reply 1-3.

These decisions also support Plaintiffs' showing on the equities. Each recognized the magnitude of harms like those Plaintiffs have documented, and each rejected Defendants' efforts to justify allowing the Order to take effect. *CASA*, 2025 WL 408636, at *15-16; *Washington*, 2025 WL 415165, at *5-6 ("[T]he rule of law is secured by a strong public interest that the laws 'enacted by their representatives are not imperiled by executive fiat.'"); *see* Mot. 12-15; Reply 12-14. As Plaintiffs demonstrated, if the Order goes into effect, it will impose constitutional injuries on members' children (once born), as well as a range of serious further harms including subjecting them to immigration arrest, detention, and potentially deportation; denying them critical early-life nutrition and healthcare; and denying them access to passports. Mot. 12-14.

---

[1] The First Circuit has noted that, "when the likelihood of success on the merits is great, a movant can show somewhat less in the way of irreparable harm and still garner preliminary injunctive relief." *EEOC v. Astra USA, Inc.*, 94 F.3d 738, 743 (1st Cir. 1996). Here, Plaintiffs have made a very strong showing as to both.

2

Defendants did not factually contest this showing at all and have offered only "callous and wrong" legal responses.  *CASA*, 2025 WL 408636, at *15; *see* Reply 12-14.

While the orders in those cases protect Plaintiffs *for now*, they should not be forced to rely on that protection.  The government may seek reconsideration, partial or complete stays, or reversal of the other injunctions at any time.  Indeed, as of the time of this filing, the government has already appealed one of the preliminary injunction orders and sought to stay its effect beyond the named individual plaintiffs in that case.  *See Washington v. Trump*, No. 25-807 (9th Cir.); *Washington v. Trump*, No. C25-0127-JCC (D. Wash.), ECF No. 122 (W.D. Wash. Feb. 7, 2025) (stay motion).  If the government succeeds in staying, narrowing, or reversing those injunctions after the Order's effective date (twelve days from now), Plaintiffs' members would *immediately* be subject to the full spectrum of harms demonstrated in their papers.  Plaintiffs' members should not be forced to live under the threat of exposure to harm at any moment based on what might happen in other lawsuits in which they are not parties and cannot act directly to protect their rights.  *See CASA*, 2025 WL 408636, at *15 ("The denial of the precious right to citizenship for *any period of time* will cause . . . irreparable harm.") (emphasis added).

There can be no doubt that the Court has the authority to provide Plaintiffs with the protection they seek notwithstanding these other injunctions.  *See California v. U.S. Dep't of Health & Human Servs.*, 941 F.3d 410, 421 (9th Cir. 2019), *rev'd on other grounds sub nom. Little Sisters of the Poor Jeanne Jugan Residence v. California*, 141 S. Ct. 192 (2020).  "[C]ourts routinely grant follow-on injunctions against the Government, even in instances when an earlier nationwide injunction has already provided plaintiffs in the later action with their desired relief." *Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health & Human Servs.*, 485 F. Supp. 3d 1, 59-60 (D.D.C. 2020) (granting nationwide injunction and finding irreparable harm despite prior

3

nationwide injunction, and collecting cases); *see, e.g.*, *Arizona v. Biden*, 593 F. Supp. 3d 676, 736 (S.D. Ohio 2022) (granting nationwide injunction notwithstanding nationwide injunction in other litigation), *rev'd on other grounds*, 40 F.4th 375 (6th Cir. 2022); *Pennsylvania v. DeJoy*, 490 F. Supp. 3d 833, 892 (E.D. Pa. 2020) (granting nationwide injunction where three other district courts had issued nationwide injunctions); *Cook County v. McAleenan*, 417 F. Supp. 3d 1008, 1030 (N.D. Ill. 2019) (nationwide preliminary injunction granted by other court did not counsel against consideration of a preliminary injunction motion), *aff'd on other grounds sub nom. Cook County v. Wolf*, 962 F.3d 208 (7th Cir. 2020); *Casa De Maryland, Inc. v. Trump*, 414 F. Supp. 3d 760, 767 n.2, 788 (D. Md. 2019) (granting a nationwide injunction notwithstanding three other district court injunctions of same Rule); *Batalla Vidal v. Nielsen*, 279 F. Supp. 3d 401, 435 (E.D.N.Y. 2018) (granting nationwide injunction despite nationwide injunction issued by another court); *City of Philadelphia v. Sessions*, 280 F. Supp. 3d 579, 599, 659 (E.D. Pa. 2017) (granting an injunction notwithstanding a prior nationwide injunction); *Hawaii v. Trump*, 859 F.3d 741 (9th Cir. 2017) (largely affirming the district court's nationwide injunction notwithstanding another district court nationwide injunction), *vacated as moot*, 874 F.3d 1112 (9th Cir.) (mem.); *Make the Road New York v. Cuccinelli*, No. 19-cv-7993, 2019 WL 6498283, at *2 & n.2 (S.D.N.Y. Dec. 2, 2019) (denying stay of the previously granted nationwide injunction, which was granted notwithstanding four prior injunctions); *Stockman v. Trump*, No. 17-cv-1799, 2017 WL 9732572, at *6-7 (C.D. Cal. Dec. 22, 2017) (granting nationwide injunction of certain directives notwithstanding prior nationwide injunctions); *Pennsylvania v. DeJoy*, 490 F. Supp. 3d 833, 892 (E.D. Pa. 2020) (granting nationwide injunction even where three other district courts had issued nationwide injunctions), *order clarified*, 2020 WL 6580462 (E.D. Pa. Oct. 9, 2020).

Indeed, in the cases noted by this Court, the *Washington* court issued an injunction despite the *CASA* nationwide injunction that was already in place. *Washington*, 2025 WL 415165, at *7. This common practice makes sense because the "existence of another injunction—particularly one in a different circuit that could be overturned or limited at any time—does not negate [plaintiffs'] claimed irreparable harm." *California v. Health & Hum. Servs.*, 390 F. Supp. 3d 1061, 1066 (N.D. Cal. 2019), *vacated and remanded on other grounds*, 977 F.3d 801 (9th Cir. 2020).

That danger is particularly salient here.

In the *Washington* litigation, for example, just *today* the government sought to largely stay the preliminary injunction in district court. *Washington*, ECF No. 122. The government's stay motion emphasizes arguments against the plaintiff States' standing. *Id.* at 3-5. Were a Court to credit those arguments and largely stay the injunction, the members in this case might be stripped of protection—even though the *Washington* standing arguments have nothing to do with Plaintiffs' claims. And while the *Washington* litigation also has private plaintiffs who have sought class certification, *see Washington*, Motion for Reconsideration, ECF No. 115 (W.D. Wash. Feb. 6, 2025), that request has not been granted, *see Washington*, Order, ECF No. 118 (W.D. Wash. Feb. 7, 2025). Thus, the government requested that the court "stay its preliminary injunction to the extent it extends beyond the named individual plaintiffs in this consolidated action"—meaning it would be limited to just *three individuals*. *Washington*, ECF No. 122, at 8. And, in any event, the proposed class is limited to Washington State and thus even if certified would not cover the vast majority of Plaintiffs' members, who are located throughout the country, including in this District. *See Washington*, ECF No. 58 (W.D. Wash. Jan. 27, 2025).

5

While Plaintiffs do not agree with the government's arguments, the point is no one knows what may happen in that litigation. In its *Washington* stay motion, the government sought a ruling from the district court by this Wednesday, "after which time Defendants intend to seek relief from the Ninth Circuit." *Washington*, ECF No. 122, at 8. This late-breaking development underscores both the very real prospect that the existing injunctions may not protect Plaintiffs, and the fluid nature of the current litigation landscape.

While the government has not yet filed a notice of appeal or sought a stay in the *CASA* litigation as of the time of this filing, it has emphasized in that case that "the Fourth Circuit has repeatedly vacated or stayed nationwide injunctions." *CASA*, Defs.' Opp. to Pls. Mot. for Temp. Restraining Order & Prelim. Inj. 29-30, ECF No. 40 (D. Md. Jan. 31, 2025) (citing, *inter alia*, *CASA de Maryland, Inc. v. Trump*, 971 F.3d 220, 256-57 (4th Cir.), *vacated*, 981 F.3d 311 (4th Cir. 2020) (en banc)). A stay motion seeking to limit the scope of that injunction could likewise come at any time.

To be clear, the government is incorrect in seeking to narrow injunctions of the Order. But the point is that the government has already sought to narrow one of these injunctions, such that it would not protect Plaintiffs' members, and could make similar attempts in the other case within days. And if the government succeeds (on reconsideration, stay, or appeal), Plaintiffs will immediately face the harms imposed by the Order.

Importantly, the claims and defenses in this case also do not precisely track those in other cases (even beyond the standing issue noted above). Neither of the other courts decided a claim about the birthright citizenship *statute*, 8 U.S.C. § 1401(a). *See CASA*, 2025 WL 408636, at *4 n.3 (declining to reach statutory claim); *Washington*, 2025 WL 415165 (not addressing statutory claim). Here, in contrast, Plaintiffs have devoted substantial briefing to their statutory claim,

6

emphasizing that it provides a basis to enjoin the Order that is independent of the merits of Defendants' constitutional arguments. Mot. 8-12; Reply 10-11; *cf. CASA*, ECF No. 40 at 8 n.3 (government asserting that "Plaintiffs recognize that their statutory claim rises and falls with their constitutional claim"). This Court is thus uniquely positioned to address the statutory issue in this litigation, and if it does, that is another respect in which an injunction here would be meaningfully distinct from the other injunctions already issued.[2]

Even while the other injunctions remain in place, the ongoing danger of being left unprotected and subject to immediate and devastating consequences imposes its own *current* emotional and psychological harm on Plaintiffs' members. *See* Supp. Decl. of Sandra Pontoh. "[T]hese families are already grappling with the normal stresses, anxieties, and challenges of expectant parents" and "[o]nce their babies are born, they will be juggling all the anxiety, sleep deprivation, and emotions that parents of newborns often go through." *Id.* ¶ 4. "In the context of these human realities, the anxiety of wondering if protection from the executive order may be snatched away because of what happens in other cases will be particularly painful for these families." *Id.* Gail's doctor, for example, has emphasized the need for her "to be happy and without stress for her own health and the health of the baby," and the denial of an injunction

---

[2] The District of Massachusetts held argument yesterday in *Doe v. Trump*, No. 1:25-cv-10135-LTS—consolidated cases by States and private parties also challenging the Order. As of the time of this filing, no decision has issued. But even if that Court issues a nationwide injunction, as the plaintiffs have requested, the above reasoning applies equally. As in *Washington*, the government has emphasized its arguments against the plaintiff States' standing. *Doe*, Defs.' Mem. of Law in Opp. to Pls.' Mot. for Prelim. Inj. 7-11, ECF No. 22 (D. Mass. Jan. 31, 2025). Also, as in *Washington*, it appears the private parties are located only in Massachusetts. *See Doe*, Compl. 4-5, ECF No. 1 (D. Mass. Jan. 20, 2025). And as in *CASA*, the government suggests the statutory claim was inadequately briefed. *See Doe*, ECF No. 22 at 14 n.4. Plaintiffs of course do not endorse the government's arguments but they are important for this Court's consideration.

7

"will affect Gail and Thomas significantly" even while the other injunctions are in effect. *Id.* ¶ 5.

Thus, without an injunction in *this* case, Plaintiffs' members will remain vulnerable, and potentially subject to grave harm at any time. Without an injunction in *this* case, Plaintiffs will lack a legal mechanism to make the arguments and litigation choices they believe will best protect their members. And without an injunction in *this* case, Plaintiffs will be left to suffer fear and uncertainty even if the other injunctions remain in effect. Particularly where the stakes are as high as in this case, Plaintiffs—representing hundreds of thousands of members nationwide—should not be prevented from obtaining the full relief to which they are entitled at each phase of the case.

By contrast, the government will not be hurt in any way by an injunction in this case. Mot. 14; Reply 13-14. And, if the other preliminary injunctions remain in effect, the government will not have to do or refrain from doing anything else by virtue of the relief Plaintiffs seek.

For all these reasons, Plaintiffs respectfully submit that the Court should enjoin the Order.

Dated: February 8, 2025

/s/ *SangYeob Kim*
SangYeob Kim (N.H. Bar No. 266657)
Gilles R. Bissonnette (N.H. Bar. No. 265393)
Henry R. Klementowicz (N.H. Bar. No. 21177)
Chelsea Eddy (N.H. Bar No. 276248)
AMERICAN CIVIL LIBERTIES UNION
OF NEW HAMPSHIRE
18 Low Avenue
Concord, New Hampshire 03301
T: 603.224.5591
sangyeob@aclu-nh.org
gilles@aclu-nh.org
henry@aclu-nh.org
chelsea@aclu-nh.org

Morenike Fajana*
Ashley Burrell*
Elizabeth Caldwell*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St., FL 5,
New York, NY 10006
(212) 217-1690
mfajana@naacpldf.org
aburrell@naacpldf.org
bcaldwell@naacpldf.org

Morgan Humphrey*
Mide Odunsi⸸
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th Street NW, Suite 600
Washington, DC 20005
(202) 249-2193
mhumphrey@naacpldf.org
modunsi@naacpldf.org

Respectfully submitted,

/s/ *Cody Wofsy*
Cody Wofsy*
Hannah Steinberg*
Stephen Kang*
Spencer Amdur*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
425 California Street, Suite 700
San Francisco, CA 94104
T: (415) 343-0770
cwofsy@aclu.org
hsteinberg@aclu.org
skang@aclu.org
samdur@aclu.org

Noor Zafar*
Wafa Junaid*
Grace Choi*
Lee Gelernt*
Omar Jadwat*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
nzafar@aclu.org
wjunaid@aclu.org
gchoi@aclu.org
lgelernt@aclu.org
ojadwat@aclu.org

Norm Eisen†*
Tianna Mays†*
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE, #15180
Washington, D.C. 20003
T: (202) 594-9958
norman@statedemocracydefenders.org
tianna@statedemocracydefenders.org

9

Carol Garvan (N.H. Bar. No. 21304)
Zachary L. Heiden*
AMERICAN CIVIL LIBERTIES UNION OF MAINE
FOUNDATION
P.O. Box 7860
Portland, Maine 04112
T: (207) 619.8687
cgarvan@aclumaine.org
heiden@aclumaine.org

Adriana Lafaille*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza
Suite 850
Boston, MA 02108
T: (617) 482-3170
alafaille@aclum.org

Christopher M. Lapinig*
Kimberly Wei Leung*
Winifred Kao*
ASIAN LAW CAUCUS
55 Columbus Ave
San Francisco, CA 94111
T: (415) 896-1701
christopherl@asianlawcaucus.org
kimberlyl@asianlawcaucus.org
winifredk@asianlawcaucus.org

*Counsel for Plaintiffs*
†*Counsel for LULAC only*
\**Admitted Pro Hac Vice*
⚜*Application Pro Hac Vice Forthcoming*