UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

**NEW HAMPSHIRE INDONESIAN COMMUNITY SUPPORT**, *et al.*,

  *Plaintiffs*,

v.

**DONALD J. TRUMP**, *et al.*,

  *Defendants*.

Case No. 1:25-cv-38-JL-TSM

### DEFENDANTS' RESPONSE TO COURT'S ORDER

On February 7, 2025, the Court entered an Order soliciting the parties' views on the implications of preliminary injunctions entered by other district courts preventing the United States from implementing or enforcing the Executive Order that Plaintiffs challenge in this lawsuit, including on Plaintiffs' "showing of irreparable harm required for issuance of a preliminary injunction." *See* Endorsed Order, February 7, 2025. Defendants submit the following response.

### BACKGROUND

This lawsuit is a challenge to Executive Order No. 14160, Protecting the Meaning and Value of American Citizenship ("EO"). On January 21, 2025, Plaintiffs moved to preliminarily enjoin the EO, ECF No. 24, and the parties concluded briefing on that motion on February 4. A hearing is scheduled for tomorrow morning, February 10.

That EO has been the subject of several other lawsuits throughout the country. In two of those cases, district courts have entered preliminary injunctions preventing implementation and enforcement of the EO in its entirety on a nationwide basis. *See Washington v. Trump*, C25-0127-JCC, 2025 WL 415165 (W.D. Wash. Feb. 6, 2025); *CASA, Inc. v. Trump*, 8:25-cv-201-DLB, 2025 WL 408636

1

(D. Md. Feb. 5, 2025). In addition, a federal district court in Massachusetts held a preliminary injunction hearing on Friday, February 7, 2025 in two related cases challenging the EO, including one brought by 18 states, the District of Columbia, and the City and County of San Francisco. *See New Jersey v. Trump*, 1:25-cv-10139 (D. Mass.); *Doe v. Trump*, 1:25-cv-10135 (D. Mass.).

Defendants have appealed the *Washington* preliminary injunction order to the Ninth Circuit Court of Appeals. *See* ECF No. 116, *Washington v Trump*, C25-0127-JCC (Feb. 6, 2025). Defendants have also moved to stay that preliminary injunction in its overbroad applications—in particular, as it applies to anyone other than the named individual plaintiffs in that case—pending appeal. *See* ECF No. 122, *Washington* (Feb. 7, 2025). The United States is currently considering whether to appeal the *CASA* preliminary injunction order and whether to seek any stay of that injunction pending any appeal.

**ARGUMENT**

Defendants believe that the presence of the *Washington* and *CASA* nationwide preliminary injunctions obviates any need for a duplicative preliminary injunction here. So long as those injunctions are in effect, Plaintiffs here face no imminent risk of harm from the EO, irreparable or otherwise. "[I]rreparable harm constitutes a necessary threshold showing for an award of preliminary injunctive relief." *Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151, 162 (1st Cir. 2004). At present, while they are covered by those two separate injunctions, Plaintiffs cannot make that showing. *See, e.g.*, *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (plaintiff must show that he is "*likely* to suffer irreparable harm in the absence of preliminary relief" (emphasis added)).

To be sure, Defendants have appealed, and sought a partial stay pending appeal, of the *Washington* preliminary injunction that, if successful, would prevent application of that injunction to Plaintiffs here. And Defendants acknowledge that courts have, in similar circumstances, "grant[ed] follow-on injunctions against the Government." *Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health &*

*Human Servs.*, 485 F. Supp. 3d 1, 60 (D.D.C. 2020); *see also* Pls. Suppl. Br. at 3-4, ECF No. 74 (collecting cases). But it is also true that "other courts have taken different approaches," to include "enter[ing] discretionary stays or otherwise den[ying] preliminary-injunction motions upon the issuance of a nationwide injunction granting relief similar to what plaintiffs in the later suit sought." *Whitman-Walker Clinic*, 485 F. Supp. 3d at 60 (collecting cases); *see also, e.g.*, *Hawaii v. Trump*, 233 F. Supp. 3d 850, 853 (D. Haw. 2017); *Int'l Refugee Assistance Project v. Trump*, No. 17-cv-0361, 2017 WL 1315538, at *2 (D. Md. Apr. 10, 2017).

Defendants submit that a similar approach is warranted here. Mere uncertainty about whether some other court might, at some unspecified point in the future, narrow or vacate one of the multiple injunctions currently protecting Plaintiffs is an insufficient basis to award preliminary relief *right now*. If the federal government ultimately obtains relief from both currently applicable nationwide injunctions, such that Plaintiffs again face the threat of irreparable harm that they allege in their papers, the Court—having already received full briefing on the topic—would at that time be in position to rule promptly (and in a considered manner that takes into account any further developments in related litigation, including potential guidance from courts of appeal). Unless and until that happens, however, it would better preserve the Court's and the parties' resources for the Court to stay its consideration of Plaintiffs' preliminary injunction motion.

DATED: February 9, 2025              Respectfully submitted,

                              BRETT A. SHUMATE
                              Acting Assistant Attorney General
                              Civil Division

                              ALEXANDER K. HAAS
                              Branch Director

                              BRAD P. ROSENBERG
                              Special Counsel

*s/ Yuri S. Fuchs*
R. CHARLIE MERRITT
YURI S. FUCHS (CA Bar No. 300379)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone:  202-598-3869
Fax: 202-616-8460
Email: yuri.s.fuchs@usdoj.gov

*Attorneys for Defendants*