UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

**NEW HAMPSHIRE INDONESIAN COMMUNITY SUPPORT**, *et al.*,

  *Plaintiffs*,

v.

**DONALD J. TRUMP**, *et al.*,

  *Defendants*.

Case No. 1:25-cv-38-JL-TSM

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
FOR CLARIFICATION OF PRELIMINARY INJUNCTION ORDER**

Defendants respectfully request that the Court clarify the scope of the preliminary injunction it issued in this case. *See* Preliminary Injunction, ECF No. 77 (Feb. 10, 2025); Preliminary Injunction Order, ECF No. 79 (Feb. 11, 2025). As explained further below, Defendants seek clarification on two issues related to the injunction's scope: (1) whether the injunction applies to all members of the plaintiff organizations, or just the members identified in Plaintiffs' papers; and (2) whether the injunction applies to individuals in the state of New Hampshire who are not members of the plaintiff organizations.

**BACKGROUND**

On January 20, 2025, the President issued Executive Order No. 14160, "Protecting the Meaning and Value of American Citizenship" ("EO"). This lawsuit was initiated the same day by three plaintiffs, all membership organizations. The first is New Hampshire Indonesian Community Support ("NHICS"), a "nonprofit, membership-based community organization in New Hampshire," with "approximately 2,000 members located across New Hampshire." Compl. ¶¶ 12, 14, ECF No. 1. The second is League of United Latin American Citizens ("LULAC"), a "nationwide, non-profit, non-

1

partisan, membership-based organization" with "over 325,000 members nationwide." *Id.* ¶¶ 16, 18. The third is Make the Road New York ("MRNY"), a "nonprofit, membership-based community organization with five offices in the New York area" and "over 28,000 members residing in New York State." *Id.* ¶¶ 20, 22.

Plaintiffs moved for a preliminary injunction on January 21, 2025, ECF No. 24, seeking "nationwide relief" against the EO, ECF No. 24-25 (Pls.' Proposed Order). In support of that motion, Plaintiffs submitted declarations from each membership organization pseudonymously identifying certain members of its organization allegedly affected by the EO. *See* Decl. of Sandra Pontoh ¶¶ 8-13, ECF No. 24-2 (discussing NHICS members); Decl. of Juan Proaño ¶¶ 11-19, ECF No. 24-3 (discussing a LULAC member); Decl. of Sienna Fontaine ¶¶ 15-20, ECF No. 24-4 (discussing MRNY members). After receiving briefing on the motion and holding a hearing, the Court granted Plaintiffs' motion. It entered, on February 10, 2025, a preliminary injunction that enjoins Defendants from "enforcing Executive Order 14160 . . . in any manner with respect to the plaintiffs, and with respect to any individual or entity in any matter or instance within the jurisdiction of this court, during the pendency of this litigation." ECF No. 77. On February 11, the Court issued a preliminary injunction order that further explained the Court's reasoning and contained nearly identical language from the February 10 order about the scope of the preliminary injunction.[1] *See* ECF No. 79.

## DISCUSSION

Federal Rule of Civil Procedure 65(d)(1) requires that any order granting a preliminary injunction must "state its terms specifically" and "describe in reasonable detail . . . the act or acts restrained or required." Consistent with that requirement, a court may issue "[c]larifications of orders previously issued" to "add certainty to an implicated party's efforts to comply with the order and provide fair

---

[1] The February 11 order states that Defendants are enjoined from enforcing the EO "in any manner with respect to the plaintiffs, and with respect to any individual or entity in any *other* matter or instance within the jurisdiction of this court." ECF No. 79 at 11 (emphasis added).

warning as to what future conduct may be found contemptuous." *N.A. Sales Co. v. Chapman Indus. Corp.*, 736 F.2d 854, 858 (2d Cir. 1984); *see also, e.g.*, *United States v. Volvo Powertrain Corp.*, 758 F.3d 330, 344 (D.C. Cir. 2014) (noting that parties may "[a]s a general rule" request a court to issue a "clarifying" order (citation omitted)).

In this case, Defendants respectfully submit that clarification is warranted on two issues regarding the injunction's scope. The first is whether the injunction against enforcement of the EO "in any manner with respect to the plaintiffs," who are three organizations, covers all members of each of the three organizations or just those members who have been identified in Plaintiffs' submissions. While those members are identified by pseudonym and Defendants do not have access to the full membership lists for each organization, Plaintiffs have offered to "provide identifying information for at least one member per organization to Defendants subject to an appropriate protective order." *See* Mem. of Law in Supp. of Pls.' Mot. for Prelim. Inj. at 13 n.10, ECF No. 24-1.

The second issue on which Defendants seek clarification is the scope of the provision which prevents Defendants from enforcing the EO "with respect to any individual or entity in any other matter or instance within the jurisdiction of this court." ECF No. 79. Defendants seek clarification as to whether this prevents Defendants from enforcing the EO against individuals who are not parties to this litigation, *e.g.*, all individuals within the state of New Hampshire or all individuals otherwise subject, in any respect, to this Court's jurisdiction; whether the preliminary injunction is instead limited to the plaintiffs in this case; or whether the jurisdictional element of the Court's preliminary injunction has a different intended scope.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court clarify the scope of the injunction and specify with greater particularity the individuals against whom Defendants are restrained from enforcing the EO.

DATED: February 18, 2025               Respectfully submitted,

                                          BRETT A. SHUMATE
                                          Acting Assistant Attorney General
                                          Civil Division

                                          ALEXANDER K. HAAS
                                          Branch Director

                                          BRAD P. ROSENBERG
                                          Special Counsel

                                          *s/ R. Charlie Merritt*
                                          R. CHARLIE MERRITT (VA Bar No. 89400)
                                          YURI S. FUCHS
                                          U.S. Department of Justice
                                          Civil Division, Federal Programs Branch
                                          1100 L Street, NW
                                          Washington, DC 20005
                                          Phone: 202-616-8098
                                          Fax: 202-616-8460
                                          Email: robert.c.merritt@usdoj.gov

                                          *Attorneys for Defendants*