IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NEW HAMPSHIRE INDONESIAN COMMUNITY SUPPORT, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States, in his official capacity, et al.,<br><br>*Defendants*. | Case No. 1:25-cv-38 |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR CLARIFICATION OF PRELIMINARY INJUNCTION ORDER**

Defendants request that this Court clarify the scope of its preliminary injunction order. *See* Mem. in Supp. of Defs.' Mot. for Clarification of Prelim. Inj. Order, ECF No. 81-1 (Mot.). Plaintiffs do not oppose clarification. However, Plaintiffs write to emphasize three points in response to Defendants' filing.

*First*, Defendants provide no basis to interpret the Court's injunction as limited to "just those members who have been identified in Plaintiffs' submissions." Mot. 3. Plaintiffs are organizations collectively representing hundreds of thousands of members, *see* Mot. 1-2, and the Court enjoined Defendants from enforcing the Executive Order "in any manner with respect to the plaintiffs," Prelim. Inj. Order 11, ECF No. 79 (Order). Absent some special limitation in a court's order, injunctions in associational standing suits like this one protect "*all* members injured," *N.H. Motor Transp. Ass'n v. Rowe*, 324 F. Supp. 2d 231, 236 (D. Maine 2004) (emphasis added), not just those whose circumstances are specifically described, *see also, e.g., Louis D. Brandeis Ctr. for Hum. Rts. Under L. v. President & Fellows of Harvard Coll.*, No. CV 24-11354-RGS, 2024 WL 4681802, at *4 (D. Mass. Nov. 5, 2024) ("[T]he requested injunctive

1

relief will inure to the benefit of all injured class members."). Nothing in the Court's Order indicates any such limitation.

*Second*, Defendants suggest that the Court's Order could be read to apply only to Plaintiffs and their members. Mot. 3. To the contrary, the Court enjoined application of the Executive Order "with respect to the plaintiffs, *and* with respect to any individual or entity in any other matter or instance within the jurisdiction of this court." Order 11 (emphasis added). The Court applied its ruling to the Plaintiffs "and" other individuals or entities, not just the Plaintiffs in this case.

*Third*, Defendants seek clarification of the meaning of the phrase "within the jurisdiction of this court" in the injunction. Mot. 3. Plaintiffs sought nationwide relief in this case, *see* Mot. 2, and explained how that scope of relief is practically necessary to afford Plaintiffs and their members complete protection, Pls.' Reply in Supp. of Mot. for Prelim. Inj. 14-15, ECF No. 64 (Reply) (noting that there is no reasonable way to prove membership in various circumstances). There is no doubt this Court has the authority to enjoin the Executive Order as to nonparties, particularly where (as here) doing so is necessary to afford complete relief to the Plaintiffs. *See* Reply 14-15 (collecting cases); *see also CASA, Inc. v. Trump*, No. CV DLB-25-201, 2025 WL 545840 (D. Md. Feb. 18, 2025) (rejecting argument that injunction should be limited to organizations' members). And given that this Court has both subject matter jurisdiction and personal jurisdiction over the Defendants, the full scope of the Executive Order's application—whether or not that application occurs in New Hampshire—is "within the jurisdiction of this court." *See, e.g.*, *Trump v. Int'l Refugee Assistance Project*, 582 U.S. 571, 579-83 (2017) (narrowing injunction but leaving it in effect as to certain nonparties nationwide).

Dated: February 19, 2025

/s/ *SangYeob Kim*
SangYeob Kim (N.H. Bar No. 266657)
Gilles R. Bissonnette (N.H. Bar. No. 265393)
Henry R. Klementowicz (N.H. Bar. No. 21177)
Chelsea Eddy (N.H. Bar No. 276248)
AMERICAN CIVIL LIBERTIES UNION
OF NEW HAMPSHIRE
18 Low Avenue
Concord, New Hampshire 03301
T: 603.224.5591
sangyeob@aclu-nh.org
gilles@aclu-nh.org
henry@aclu-nh.org
chelsea@aclu-nh.org

Morenike Fajana*
Ashley Burrell*
Elizabeth Caldwell*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St., FL 5,
New York, NY 10006
(212) 217-1690
mfajana@naacpldf.org
aburrell@naacpldf.org
bcaldwell@naacpldf.org

Morgan Humphrey*
Mide Odunsi*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th Street NW, Suite 600
Washington, DC 20005
(202) 249-2193
mhumphrey@naacpldf.org
modunsi@naacpldf.org

Respectfully submitted,

/s/ *Cody Wofsy*
Cody Wofsy*
Hannah Steinberg*
Stephen Kang*
Spencer Amdur*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
425 California Street, Suite 700
San Francisco, CA 94104
T: (415) 343-0770
cwofsy@aclu.org
hsteinberg@aclu.org
skang@aclu.org
samdur@aclu.org

Noor Zafar*
Wafa Junaid*
Grace Choi*
Lee Gelernt*
Omar Jadwat*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
nzafar@aclu.org
wjunaid@aclu.org
gchoi@aclu.org
lgelernt@aclu.org
ojadwat@aclu.org

Norm Eisen†*
Tianna Mays†*
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE, #15180
Washington, D.C. 20003
T: (202) 594-9958
norman@statedemocracydefenders.org
tianna@statedemocracydefenders.org

3

Carol Garvan (N.H. Bar. No. 21304)
Zachary L. Heiden*
AMERICAN CIVIL LIBERTIES UNION OF MAINE
FOUNDATION
P.O. Box 7860
Portland, Maine 04112
T: (207) 619.8687
cgarvan@aclumaine.org
heiden@aclumaine.org

Adriana Lafaille*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza
Suite 850
Boston, MA 02108
T: (617) 482-3170
alafaille@aclum.org

Christopher M. Lapinig*
Kimberly Wei Leung*
Winifred Kao*
ASIAN LAW CAUCUS
55 Columbus Ave
San Francisco, CA 94111
T: (415) 896-1701
christopherl@asianlawcaucus.org
kimberlyl@asianlawcaucus.org
winifredk@asianlawcaucus.org

*Counsel for Plaintiffs*
†*Counsel for LULAC only*
**Admitted Pro Hac Vice*