```
 1                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF NEW HAMPSHIRE
 2

 3     * * * * * * * * * * * * * * * * *
                                         *
 4     NEW HAMPSHIRE INDONESIAN           *
       COMMUNITY SUPPORT, ET AL.,         *
 5                                        * No. 1:25-cv-00038-JL-TSM
                     Plaintiffs.          * March 14, 2025
 6                                        * 10:10 a.m.
                                          *
 7            v.                          *
                                          *
 8                                        *
       DONALD J. TRUMP, PRESIDENT OF      *
 9     THE UNITED STATES, IN HIS          *
       OFFICIAL CAPACITY, ET AL.,         *
10                                        *
                     Defendants.          *
11                                        *
       * * * * * * * * * * * * * * * * *
12
                       TRANSCRIPT OF MOTION HEARING
13                       HELD VIA VIDEOCONFERENCE
                  BEFORE THE HONORABLE JOSEPH N. LAPLANTE
14

15     APPEARANCES:

16
       For the Plaintiffs:        Cody Wofsy, Esq.
17                                Hannah Schoen Steinberg, Esq.
                                  American Civil Liberties Union
18                                Foundation - California
                                  425 California St, Ste 700
19                                San Francisco, CA 94104

20                                Carol Garvan, Esq.
                                  Zachary L. Heiden, Esq.
21                                American Civil Liberties Union
                                  Foundation
22                                PO Box 7860
                                  Portland, ME 04112
23
                                  Christopher Myron Lapinig, Esq.
24                                Winifred Kao, Esq.
                                  Asian Law Caucus
25                                55 Columbus Ave
                                  San Francisco, CA 94111
```

```
 1    APPEARANCES CONTINUED:
 2
      For the Plaintiffs (Cont'd):  Elizabeth Grace Caldwell, Esq.
 3                                  NAACP Legal Defense Fund
                                    40 Rector St
 4                                  New York, NY 10006

 5                                  Gilles R. Bissonnette, Esq.
                                    SangYeob Kim, Esq.
 6                                  American Civil Liberties Union of
                                    New Hampshire
 7                                  18 Low Ave
                                    Concord, NH 03301
 8
                                    Grace Choi, Esq.
 9                                  American Civil Liberties Union
                                    Foundation
10                                  125 Broad St, 18th Flr
                                    New York, NY 10004
11
                                    Kimberly Leung, Esq.
12                                  Asian Law Caucus
                                    55 Columbus Ave
13                                  San Francisco, CA 94111

14                                  Omar C. Jadwat, Esq.
                                    American Civil Liberties Union
15                                  Foundation
                                    125 Broad St, 18th Flr
16                                  New York, NY 10004

17                                  Wafa Junaid
                                    American Civil Liberties Union
18                                  Foundation
                                    66 W 38th St, Ste 29C
19                                  New York, NY 10018

20                                  Tianna Jade Mays, Esq.
                                    State Democracy Defenders Action
21                                  1500 K Street, Ste 900
                                    Washington, DC 20005
22
                                    Henry Clay Quillen, Esq.
23                                  Whatley Kallas LLP
                                    159 Middle Street, Suite 2C
24                                  Portsmouth, NH 03801

25
```

```
 1    APPEARANCES CONTINUED:

 2

 3    For the Plaintiffs (Cont'd):  Katherine Courtney, Esq.
                                    Public Rights Project
                                    490 43rd St, Ste 115
 4                                  Oakland, CA 94609

 5    For the Defendants:           Yuri Fuchs, Esq.
                                    Brad P. Rosenberg, Esq.
 6                                  US Department of Justice
                                    1100 L St NW
 7                                  Washington, DC 20530

 8

 9

10
      Court Reporter:               Brenda K. Hancock, RMR, CRR
11                                  Official Court Reporter
                                    United States District Court
12                                  55 Pleasant Street
                                    Concord, NH 03301
13                                  (603) 225-1454

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2            THE CLERK:  Good morning, your Honor.
 3            We're here in the matter of New Hampshire Indonesian
 4   Community Support, et al. versus Donald J. Trump, et al.,
 5   25-cv-38-JL, for a motion hearing.
 6            THE COURT:  Good morning, everyone.
 7            MR. WOFSY:  Good morning, your Honor.
 8            MR. FUCHS:  Good morning, your Honor.
 9            THE COURT:  We're here on a motion for clarification
10   of the Court's prior preliminary injunction in this case.  Why
11   don't we start by having counsel, not everybody, but counsel
12   who are going to speak for the parties today identify
13   themselves for the record.  We'll start with the plaintiffs.
14            MR. WOFSY:  Good morning, your Honor.  Cody Wofsy,
15   ACLU, for the plaintiffs.
16            THE COURT:  Good morning.
17            And defense.
18            MR. FUCHS:  Good morning, your Honor.  Yuri Fuchs,
19   trial attorney from the Civil Division at the Department of
20   Justice on behalf of the defendants.
21            THE COURT:  Good morning to you.
22            All right.  So, we are here on a motion for
23   clarification of the order.
24            I guess I'll just make an observation as a preliminary
25   that I think the defense is within its rights to make this
```

1  request, for sure.  This type of request is authorized by the
2  *Federal Rules of Civil Procedure*.  So, technically, this is
3  nothing unusual, but I guess I want to -- I do want to start --
4  we had a little bit of a housekeeping conference to set this up
5  a few days ago.
6        Attorney Fuchs, were you on that call?
7        MR. FUCHS:  I was, your Honor.
8        THE COURT:  I'm going to ask you a couple of things we
9  talked about there, just so we sort of have it on the record
10  here.  I think I anticipate your answers, but I think it's
11  important to have a complete record, although things have
12  changed a little bit in that there's been an emergency request
13  for a stay of the three pending nationwide injunctions on the
14  same issue in this case.  I've reviewed that.  I've reviewed
15  both.  So, I guess I want to ask you again, though, given that
16  there are three nationwide injunctions pending on this
17  birthright citizenship Executive Order -- I know the one in the
18  First Circuit, a stay was denied of that one.  I'm not sure
19  about -- I think a stay was also denied in the one out of
20  Maryland, if I remember right.
21        MR. FUCHS:  Yes.  And the Ninth Circuit as well, your
22  Honor.
23        THE COURT:  All three of them.
24        MR. FUCHS:  Yes.
25        THE COURT:  Given that that's the state of play here,

1   right, why is clarification of this particular order, which
2   hasn't been appealed yet, anyway, and it appears that the
3   government is honoring the injunctions, at least so far, what
4   is the -- what's the necessity for the clarification?
5            MR. FUCHS:  So, to repeat kind of the points from a
6   few days ago, your Honor, and to add another one, the
7   government --
8            THE COURT:  We're having some trouble with the audio.
9            MR. FUCHS:  -- assess its compliance with --
10           THE COURT:  Counsel, counsel, time out.
11           MR. FUCHS:  I'm sorry.
12           THE COURT:  I need you to start over, because we're
13  having -- at least I'm having some problem with the audio.
14  It's either going blank or it's speeding up.  So, why don't you
15  start over.
16           MR. FUCHS:  Okay.  Can you hear me now, your Honor?
17           THE COURT:  I can.
18           MR. FUCHS:  All right.  So, to reiterate some of the
19  points from a few days ago, your Honor, but also to add another
20  one based on recent developments, as we indicated a few days
21  ago, the government always needs to understand sort of the
22  contours of a particular injunction in order to assess and
23  ensure its compliance with them, whether that be both the scope
24  as to the plaintiffs and also as well as geographic scope.  We
25  had also noted that for the purposes of whether we want to

1   appeal the preliminary injunction order and assert some of the
2   same arguments that we've done in the other cases it is
3   worthwhile to know the geographic scope.
4           I think the application also is particularly salient
5   here to the extent that, if the Supreme Court were to deny the
6   application and all of the nationwide injunctions continue,
7   obviously that doesn't change the government's compliance of
8   having to ensure the injunction is effectuated on a nationwide
9   basis.  But, to the extent that it actually is granted, your
10  Honor, and the court -- the primary issue is in granting the
11  applications the nationwide scope of these injunctions.  To the
12  extent that the court holds that nationwide scope is improper,
13  I think it's actually more salient to understand the contours
14  of the injunction that your Honor issued and its geographic
15  scope both for the purposes of compliance and to ensure that
16  our appeal arguments are consistent across the various cases.
17          THE COURT:  Okay.  Understood.  I mean, I understand
18  the answer.  I'm not sure I completely accept it, given the
19  fact that -- I can't imagine how the scope of this injunction
20  could possibly be implicated, given that you're honoring three
21  nationwide injunctions, but I do understand the impetus to just
22  understand an order that's been issued in any given case.
23          MR. FUCHS:  Yeah.  If I can add, I don't want to
24  belabor the point, for instance, if the nationwide scope of
25  these injunctions is ruled unlawful, right, then the actual

1   geographic scope of all of them I think is actually
2   particularly relevant for our -- for the defendants' compliance
3   with especially your Honor's order.
4           THE COURT:  That makes sense.  Let me ask you this
5   question:  What's the timetable for that litigation?  I mean,
6   when is the response due, if you know?  When is the response
7   due, and do you have any kind of prognostication for me
8   regarding the timing of an order in that case?
9           MR. FUCHS:  I don't dare to read the tea leaves of
10  when the Supreme Court will ever act on something, so I can't
11  speak to that, your Honor.  I don't have -- unfortunately, I'm
12  sorry, I don't have the response to the application in front of
13  me.
14          THE COURT:  Okay.  Mr. Wofsy, are you involved in that
15  litigation at all?
16          MR. WOFSY:  We're not direct parties.  You know, I've
17  sort of communicated with some of our colleagues.  My
18  understanding is that there is no response date set yet.
19          THE COURT:  Okay.  Well, there you go.
20          All right, then, so before I move on to the motion,
21  anything you wanted to add, Mr. Wofsy?
22          MR. WOFSY:  There is one point I just want to bring to
23  the Court's attention.  You know, I think -- we're happy to
24  answer whatever questions the Court may have in terms of this
25  motion, and, as we said, we don't oppose clarification.  I

1    don't think it's going to surprise the Court that we are
2    concerned about the scope issues.  You know, I think, given
3    that the government is bringing these arguments to the Supreme
4    Court and arguing that this order should go into effect, I
5    don't think it will surprise the Court that we are worried
6    that, if they prevail on that, that this, you know, blatantly
7    illegal Executive Order is going to start impacting people,
8    depending on what the contours of the Court's decision might
9    be.
10              So, I did want to just flag for the Court that we are
11   considering the possibility of seeking a class in this case,
12   and, in particular, a nationwide class.  That may not be
13   surprising to the Court.  Obviously, this is something that the
14   government itself raised in the stay application.  It's at page
15   38 of its Supreme Court stay application, where it's indicated
16   this is, in its view, a proper way to obtain nationwide
17   protection for everyone.  So, I wanted to raise this for the
18   Court, you know, both to give you a heads-up and also to see if
19   there's any questions or thoughts that the Court wanted to
20   share at this point, obviously.  There's no motion yet, and so
21   it may be premature, but I did want to raise that.
22              The other thing I just wanted to say about that is in
23   terms of, just to share our thinking, in terms of the
24   possibility of seeking class-wide relief, I think that the key
25   thing for us would just be a question of speed.  As I said,

1   this is a blatantly unconstitutional order.  I think it's
2   telling that the government has not argued that it's likely to
3   succeed on the actual constitutional or statutory merits in any
4   of the stay papers in any of the proceedings, including up to
5   the Supreme Court, and so I think for us the concern is that
6   delay in obtaining relief, you know, should the Supreme Court
7   limit these injunctions, would mean that children would be
8   exposed to all the harms we've talked about immediately.
9           So, anyway, that is kind of what we're thinking.  We,
10  obviously, are still digesting the stay application and
11  thinking things through, given that this just came in
12  yesterday, but wanted to share our current thinking with the
13  Court.
14          THE COURT:  Understood.  All right.
15          So, Mr. Fuchs, I have read your motion as well as the
16  supplemental authority that the parties have filed.  I think
17  there was a couple of instances of supplemental authority.  One
18  was the First Circuit denial of a stay and now the application
19  for I guess what I would call an emergency stay at the
20  U.S. Supreme Court level on all three of the other cases,
21  right?  So, I've read all that.  And I guess -- I understand
22  the questions.  If you want to speak more about the questions
23  you've raised, Mr. Fuchs, you can.  You shouldn't feel the need
24  to, though.  I do understand them, but I'm happy to listen.
25          MR. FUCHS:  No.  I don't want to belabor the point,

1   your Honor.

2           THE COURT:  Fair enough.

3           Anything you want to add to -- you've given me a

4   heads-up, Mr. Wofsy, about the possibility of seeking class

5   certification, but just on the merits of this motion anything

6   you want to say?

7           MR. WOFSY:  No, your Honor.  Thank you.

8           THE COURT:  Okay.  Well, look, here's -- so what I did

9   tell you earlier was I'm not prepared to supplement my order

10  with another order, but I am happy to answer your questions,

11  bottom line, and the transcript of this proceeding can be your

12  record, and I'll order the preparation of that so you have

13  that.  Nobody needs to do that.  I'll ask the court reporter

14  now to prepare a transcript of this proceeding today as a

15  supplement to the injunction order.

16          Before issuing the injunction, I did carefully

17  consider and research the topic of national -- not national --

18  nationwide injunctions or universal injunctions, not because I

19  was inclined to grant one, because I'm, frankly, disinclined,

20  but because the plaintiffs requested it.  I mean, they

21  specifically asked for it, and I thought, well, I need to look

22  at this.  There's lots of scholarly authority on the issue, and

23  there's some judicial authority on the issue, with precedent

24  and cases discussing the concept.  It strikes me in the reading

25  I've done that what authority is out there, both scholarly,

1    academic and judicial, is less focused on the facts and
2    circumstances either favoring or militating against nationwide
3    or universal relief in any given litigation or guidance on when
4    or when not to grant or deny nationwide or universal injunctive
5    relief.  It more seems to be focused on judicial power, the
6    judicial role and its limits under our constitutional system
7    and under Article III, not just Article III, but the separation
8    of powers that infuses our system.  My -- this Court's view of
9    the separation of powers and Article III leaves me disinclined
10   to grant nationwide or universal injunctive relief.
11            So, I'll just say, first of all, this Court's
12   injunction is not a nationwide injunction.  Secondly, this
13   Court's injunction is not a universal injunction.
14            I don't know if there is a principal difference
15   between those two concepts, to be honest.  What discussion I
16   can find -- I see both terms used in the media and sometimes
17   even in court papers.  If there is a difference, I guess it's
18   this idea of parties involved versus geography, but I'm not
19   sure how principled that distinction really is.
20            The bottom line, though, this Court's injunction is
21   written to be neither universal nor nationwide.  Now, by its
22   terms it's meant to apply, you know, "within the jurisdiction
23   of this court, during the pendency of this litigation."
24            I recognize that an appellate review of this order or
25   an appellate court reviewing it might take a different view

```
1    than my intentions; it might simply decide that that language
2    is either more universal or nationwide than I have intended it
3    to be, but that's a decision for another court.  My intention
4    was not to issue a nationwide nor a universal injunction.
5            So, that clarifies, I think, the main issue.
6            I guess I'll ask Mr. Fuchs, then, knowing that, do you
7    require more clarification, and, if so, tell me what you want
8    to know.
9            MR. FUCHS:  I guess, your Honor, is it then -- reading
10   the terms of your orders, your Honor's order, is it then
11   confined to the District of New Hampshire or --
12           THE COURT:  Well, the Court's injunction applies to
13   all members of the plaintiff organizations, not just those
14   referred to in the papers, all members.
15           Now, look, Mr. Wofsy said several times in this
16   litigation, and I agree with him, that it would not be
17   difficult to work out a procedural device or apparatus or way
18   to ensure that we know who the members are, if necessary, and
19   that could be done through any combination of a protective
20   order, or some sealed filings, or the like.  I expect counsel,
21   if necessary, to work that out, and, if you can't work it out
22   and file something with me, some type of stipulated approach to
23   it, I can get involved, and I can resolve it; I can either
24   assist you in resolving it, or I can just issue orders.  But
25   the injunction applies to all members of the plaintiff
```

1   organizations.

2   All right.  As to the geographic question, Mr. Fuchs,
3   I have to respond to your question with a question.  So, I
4   guess what you're asking me is are individuals who are not
5   members of the organizations but somehow come under enforcement
6   in the District of New Hampshire, are they protected by the
7   injunction?  Is that your question?

8   MR. FUCHS:  Yeah, essentially.  To sort of follow up
9   your question with a question, so this becomes two questions,
10  so one, as I read it, your Honor, and feel free to correct me,
11  what you were saying before is basically the injunction entered
12  is not nationwide per se but would apply nationwide to all of
13  the members of the organizations who are plaintiffs in this
14  case.  Is that correct?

15  THE COURT:  Well, look, if they are parties before the
16  Court, this Court, the answer is yes.

17  MR. FUCHS:  Okay.  And then the second question is,
18  excluding those individuals who are part of this case, does
19  your Honor's order affect nonparties within the jurisdiction of
20  the District of New Hampshire?

21  THE COURT:  I'd say technically no, but let me ask you
22  this:  I'm trying to envision a child born who would be subject
23  to the enforcement of this order, right?  Can you conceive of a
24  person who would be born after the effective date of the order,
25  who would be subject to the order, who would not be entitled to

1   the same relief in this jurisdiction if they came to the court?
2   I can't think of one.  I can't think of such a person who would
3   not be entitled to the same relief, given this Court's
4   interpretation of the law.  Is there such a human that could
5   exist?
6           MR. FUCHS:  I kind of don't want to wade into that,
7   your Honor, because we haven't had any -- for the reasons
8   stated many moons ago that there hasn't been any kind of
9   meaningful guidance or thinking about this from the agencies,
10  and I don't want to propound an explanation of how that would
11  work without --
12          (Mr. Fuch's audio connection stopped)
13          MR. FUCHS:  -- thinking about that in the first place.
14          THE COURT:  All right.
15   (The court reporter asked Mr. Fuchs to repeat his statement)
16          MR. FUCHS:  Sorry.  To repeat --
17          THE COURT:  Basically he said he didn't want to weigh
18  in on the question.
19          MR. FUCHS:  Basically, yeah.  Thank you.
20          THE COURT:  Yeah.  Well, look, I can't conceive of
21  individuals who would be covered by the Executive Order but who
22  would not be entitled to the identical relief if it was
23  requested with respect to enforcement within this district.  I
24  can't think of such a person.
25          So, I guess my answer to your question is, Mr. Fuchs,

```
1    as a technical matter, no, it doesn't apply to such
2    individuals, the order, but as a practical matter it
3    effectively does, because anyone seeking similar relief would
4    receive it from the Court, given the Court's interpretation of
5    the applicable statute and the Fourteenth Amendment.
6              MR. FUCHS:  Understood, your Honor.  Thank you.
7              THE COURT:  I think that answers all the questions in
8    the motion, so let me just ask each of you, anything else I can
9    do for you?
10             MR. FUCHS:  Nothing further from us, your Honor.
11   Thank you very much.
12             THE COURT:  Mr. Wofsy?
13             MR. WOFSY:  I do have one question, I guess, coming
14   out of this conversation, your Honor, and, obviously, I
15   understand if it feels premature, but, thinking about this
16   class question, I think what I hear the Court saying is that
17   it's concerned about its jurisdiction or maybe propriety to
18   issue a nationwide injunction in the sense of an injunction
19   that applies across the country but protects nonparties.  Am I
20   right in assuming that those same concerns that the Court has
21   would not apply to a nationwide class, because then everybody
22   in the class would be parties properly before the Court, or is
23   there some concern that I'm not understanding that we should be
24   aware of as we're thinking through how to deal with this
25   procedurally complex situation?
```

1    THE COURT: Having not thought about it much, I'll say
2  that nationwide classes are something that this Court deals
3  with routinely. I won't say more about it than that, but all
4  your members of all your organizations are covered.
5    MR. WOFSY: We appreciate that. Thank you, your
6  Honor.
7    THE COURT: All right. Well, Counsel, I want to
8  continue to commend you for how you are approaching the
9  litigation. I feel the same way I felt at the injunction
10 hearing. I do think having excellent counsel, experienced
11 counsel, thoughtful counsel, as you both are, briefing these
12 issues and litigating them in court in a collegial way is the
13 best way to serve the rule of law, and that's been, at least
14 for this litigation, everything I've seen so far has fit that
15 description. So, I appreciate your continued participation and
16 the spirit in which you're participating.
17    That's all I have, Counsel, and we are adjourned.
18    MR. WOFSY: Thank you, your Honor.
19    MR. FUCHS: Thank you, your Honor.
20   (WHEREUPON, the proceedings adjourned at 10:30 a.m.)
21
22
23
24
25

```
 1                    C E R T I F I C A T E
 2
 3
 4        I, Brenda K. Hancock, RMR, CRR and Official Court
 5   Reporter of the United States District Court, do hereby certify
 6   that the foregoing transcript constitutes, to the best of my
 7   knowledge, skill, ability and belief, a true and accurate
 8   transcription of the within proceedings.
 9
10
11
12
13   Date:  ___3/14/24___          /s/ Brenda K. Hancock
                                   Brenda K. Hancock, RMR, CRR
14                                 Official Court Reporter
15
```